# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

NORRIS DION EVANS, :
:
         Plaintiff, :
:
     VS. :
:
Sergeant JOE SCHNAKE, *et al.*, : NO. 7:11-CV-29 (HL)
:
         Defendants. : **ORDER & RECOMMENDATION**

     Plaintiff **NORRIS DION EVANS**, an inmate at Valdosta State Prison ("VSP"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.[1]

     Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on Plaintiff's submissions, the Court finds that Plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). Plaintiff is nevertheless obligated to pay the full filing fee, as will be directed later in this Order and Recommendation. The Clerk of Court is directed to send a copy of this Order to the business manager of VSP.

## *I. STANDARD OF REVIEW*

     Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of

---

[1] In reviewing the United States District Court PACER docket reports, it appears that plaintiff had not incurred any "strikes" for purposes of 28 U.S.C. § 1915(g) when he filed the instant lawsuit. In fact, this complaint appears to be plaintiff's first federal lawsuit.

a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot

satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. BACKGROUND

Plaintiff complains about an alleged incident of excessive force that occurred on August 24, 2010, at VSP. He sues the following defendants: (1) Sergeant Joe Schnake; (2) VSP Warden William C. Danforth; (3) Shevondah Fields, Manager, Inmate Affairs; (4) Ricky Myrick, Director, Investigations and Compliance.

According to Plaintiff, he and Sergeant Schnake exchanged words as Schanke was apparently trying to move Plaintiff to segregation. Plaintiff states that Schnake sprayed pepper spray into Plaintiff's cell. Then, after Schnake handcuffed Plaintiff, Schnake allegedly pushed Plaintiff to the back of his cell and punched Plaintiff in the stomach multiple times. Schnake then choked and slapped Plaintiff, and sprayed him with pepper spray again. Following the assault, Plaintiff claims that Schnake escorted Plaintiff to segregation, denied him any medical attention, and did not file an incident report. To get the attention of prison officials and receive medical treatment, Plaintiff apparently "attempted suicide" by "cutting himself."

Plaintiff sues Warden Danforth for his October 27, 2010 grievance response that "Schnake denies assaulting you or using any kind of chemical agent on you. The only incident report involving you on 8-24-10 is when you caused injury to yourself and you were placed on Suicide Prevention...." It is unclear precisely why Plaintiff sues Shevonah Fields and Ricky Myrick. Fields

3

signed and Myrick was listed on a "Grievance Appeal Response" form dated December 3, 2010. Said form was used simply to forward Plaintiff's grievance to the "Internal Investigations Unit for review and any action deemed necessary."

Plaintiff seeks, *inter alia*, compensatory damages.

## III. DISCUSSION

### A. Warden William C. Danforth, Manager Shevondah Fields, and Director Ricky Myrick

Plaintiff apparently sues Defendants Warden Danforth, Manager Fields, and Director Myrick solely by virtue of their alleged mishandling of Plaintiff's grievance. Plaintiff has not, however, presented any allegations of how he might have been harmed by the mishandling of his grievance. In any event, the Eleventh Circuit Court of Appeals has held that a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure. ***Dunn v. Martin***, No. 04-03566, 2006 WL 1049403, at * 2 (11th Cir. Apr. 21, 2006); *see also Baker v. Rexroad*, 159 Fed. Appx. 61, 62 (11th Cir. 2005). Consequently, a prison official's failure to timely process a grievance form, investigate it, or otherwise respond to a grievance is not actionable under section 1983. *See also Martin v. Harvey*, No. 00-1439, 2001 WL 669983, at *2, 14 Fed.Appx. 307 (6th Cir. June 7, 2001) ("the denial of the grievance is not the same as the denial of a request to receive medical care."). Accordingly, it is **RECOMMENDED** that Danforth, Fields, and Myrick be **DISMISSED** as Defendants herein.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may serve written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### B. Sergeant Joe Schnake

Construing the complaint liberally in favor of Plaintiff, as this Court is required to do at this

4

early stage of the proceeding, the Court finds that Plaintiff has alleged a colorable claim against Sergeant Joe Schnake. Thus, the Court will allow the complaint to proceed against this Defendant.

Accordingly, it is hereby **ORDERED** that service be made against Sergeant Joe Schnake and that he file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the *Prison Litigation Reform Act*. Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendant is advised that he is expected to diligently defend all allegations made against him and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be deemed served electronically at the time of filing with the Court. If any party is not represented by counsel,

however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party, and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

**DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendants from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the Defendant and granted by the Court. This 90-day period shall run separately as to each Plaintiff and each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

<u>**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**</u>

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

<u>**DIRECTIONS TO CUSTODIAN OF PLAINTIFF**</u>

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the ***Prison Litigation Reform Act***, Plaintiff's custodian is hereby authorized to

forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. In addition, Plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED and RECOMMENDED**, this 10th day of March, 2011.

*s/THOMAS Q. LANGSTAFF*
UNITED STATES MAGISTRATE JUDGE

cr